# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2011

## STATE OF TENNESSEE v. SHERRI A. ELLIOTT

**Direct Appeal from the Circuit Court for Blount County**
**No. C-18042      David R. Duggan, Judge**

---

**No. E2011-00512-CCA-R3-CD - Filed January 3, 2012**

---

The defendant, Sherri A. Elliott, appeals the trial court's revocation of her probation. On appeal, she argues that the trial court abused its discretion in ordering her to serve eight months of split confinement. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at hearing), for the appellant, Sherri A. Elliott.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On July 6, 2009, the defendant, Sherri A. Elliott, pleaded guilty to promotion of methamphetamine manufacture, a Class D felony, and possession of a Schedule II controlled substance, a Class A misdemeanor. The trial court sentenced her to three years with six months of split confinement and the remainder on supervised probation. A probation violation warrant was filed on June 29, 2010, alleging that the defendant had been arrested and charged with promotion of methamphetamine manufacture and reckless endangerment

on or about June 21, 2010, failed to report the arrest to her probation officer, possessed narcotic drugs, and failed to show proof of payment toward court costs. The court held a probation revocation hearing, after which it revoked the defendant's probation and ordered her to serve a sentence of split confinement with eight months of incarceration and the remainder on intensive probation.

At the revocation hearing, Kelly Andrews, the defendant's probation officer, testified that the defendant was placed on probation on August 17, 2009. She stated that the defendant did not report her June 21, 2010 arrest as required. In December 2010, the defendant entered a best interest plea for possession of drug paraphernalia based on those charges. Andrews further testified that the defendant was behind in her court costs and probation fees. The defendant had paid $15 toward her court costs and fines and had a $3,606.50 balance. She was approximately $200 behind in her probation fees.

On cross-examination, Andrews testified that the defendant reported for her probation appointments as required and that the defendant's living arrangements were satisfactory. She further testified that the defendant had not yet completed her drug and alcohol assessments because the employee who performed them was behind and that the defendant had worked sporadically, but had not yet found permanent, full-time employment.

The defendant did not testify at the hearing; however, she submitted letters from her employer and her mother. In his letter, the defendant's employer stated that the defendant was an important employee who he did not want to lose. The defendant's mother stated that the defendant helped her and her husband manage their apartment complex, and it would cause them a hardship if the defendant were incarcerated.

## ANALYSIS

On appeal, the defendant argues that the trial court erred in revoking her probation because "though the State proved that the Defendant had engaged in the crime of misdemeanor simple possession . . . and was behind on payments of costs and fees," she was otherwise doing well on probation.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311. When the defendant's violation of probation is based on failure to pay restitution or fines, the trial court must determine the reasons behind the failure to pay. State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986). If the court finds the nonpayment results from

either the defendant's willful refusal to pay or failure to make bona fide efforts to obtain the means to pay, the defendant's probation may be revoked. Id.

The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

In revoking the defendant's probation, the trial court found that the defendant had engaged in material violations of her probation based on her failure to report her arrest, her conviction for possession of drug paraphernalia, and her failure to pay her court costs and probation fees. The court noted that the defendant had "previously served a six-month split confinement on the underlying plea which apparently failed to get her attention."

The record shows that the defendant failed to report her arrest and charges as required by the terms of her probation agreement. The defendant pleaded guilty to the lesser-included offense of those charges resulting in a conviction violating the terms of her probation agreement. Finally, the defendant had only paid $15 toward her court costs fees causing her to fall behind in payments and violate her probation agreement. Given this evidence, we cannot conclude that the trial court abused its discretion in finding that the defendant violated her probation and sentencing her to eight months split confinement followed by intensive probation.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the trial court's revocation of the defendant's probation.

_____
ALAN E. GLENN, JUDGE